UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jeff Contreras,<br><br>        Plaintiff<br><br>v.<br><br>Paul Taylor, et al.,<br><br>        Defendants | Case No. 2:25-cv-01387-CDS-NJK<br><br>**Order Discharging Show Cause Order, Dismissing Action for Lack of Subject Matter Jurisdiction, and Denying as Moot Plaintiff's Motions**<br><br>[ECF Nos. 5, 6, 7] |

      Pro se plaintiff Jeff Contreras initiated this insurance dispute in July 2025. Compl., ECF No. 1. After reviewing Contreras's complaint, I ordered him to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Order, ECF No. 4. Four days later, Contreras filed a "motion of cause/causes to insurance fraud." Mot., ECF No. 5. Days later, Contreras filed a "Motion to sustain and proceed case with new evidence due to insurance claims voided seeking new counsel if continuous non dispositive" and a "motion to notify that Enterprise [L]easing [C]ompany LLC is harassing and extortion on insurance fraud." ECF Nos. 6, 7. I construe these motions as responses to the show-cause order. Having reviewed Contreras's filings, I have determined that I lack jurisdiction over this matter; thus, I dismiss it without prejudice.

I.      Discussion

      As I noted in the order to show cause, this court is ultimately one of limited jurisdiction. "Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). This court is required to determine if it has jurisdiction over this action. *See Arbaugh v. Y & H Corp.*, 546 U.S.

500, 514 (2006) ("A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met.").

As the plaintiff, Contreras bears the burden of establishing subject matter jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met."). And "[t]he requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382 (1884)). Here, much like Contreras's complaint, the first motion is largely unclear and incomprehensible. However, therein Contreras does allege that he was "sold false/ fraudulent insurance by Enterprise" and it therefore violated NRS 686A.2815, NRS 686A.030, and NRS 686A.020. Mot., ECF No. 5 at 3. In Contreras's second and third motions, he states that he is "seeking relief as mention[ed]," ECF No. 6 at 3, and that Enterprise "committed insurance fraud," ECF No. 7 at 3. Yet even construing these arguments liberally[1] in Contreras's favor, his allegations are insufficient to give rise to viable claims against the defendants, much less establish how this court has jurisdiction over any alleged claims under the state statutes. And Contreras has not alleged facts that demonstrate the state system is insufficient to address his claims. Nonetheless, Contreras's responses to the show-cause order do not demonstrate that this court has jurisdiction over the issues Contreras has raised, so dismissal is warranted. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also California Diversified Promotions, Inc., v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

---

[1] A district court must construe pro se pleadings liberally and hold such pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

"[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits." *Siler v. Dillingham Ship Repair*, 288 F. App'x 400, 401 (9th Cir. 2008) (citing *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (explaining that dismissals for lack of jurisdiction "should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court." (internal citations omitted)). Therefore, the case is dismissed without prejudice to allow for refiling in state court.

II.     **Conclusion**

IT IS THEREFORE ORDERED that this case is dismissed for lack of subject-matter jurisdiction. Contreras is not permitted to refile this action in federal court but may refile in state court if he so chooses.

IT IS FURTHER ORDERED that the August 7, 2025 order to show cause **[ECF No. 4] is discharged**.

IT IS FURTHER ORDERED that Contreras's motions **[ECF No. 5, 6, 7] are DENIED as moot**.

The Clerk of Court is kindly directed to close this case. No additional documents may be filed in this now-closed case.

Dated: August 21, 2025

_____
Cristina D. Silva
United States District Judge

3